PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 2061.—Decided July 19, 1923.

PUBLIC HEALTH—ADULTERATED MILK—OFFER OF SALE—EVIDENCE.—In this case the defendant was charged with offering for sale as pure cow's milk diluted with water. The evidence merely showed that the sample of milk was taken at 5:30 a. m. from the cart in which the defendant was conveying the milk towards Ponce, but before he had entered the city. *Held:* That in the absence of evidence of any act on the part of the defendant in contemplation of an offer to sell the milk the evidence is not sufficient to sustain a conviction.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes & Colón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Act No. 59 of March 10, 1910, Laws of that year, p. 163, provides that every person who adulterates or dilutes milk with the intent to offer the same for sale, or cause (*sic*) or permit (*sic*) it to be offered for sale, and every person who sells, offers or keeps the same for sale, is guilty of a misdemeanor, etc. The adulteration or dilution with any idea of sale is amply covered. Likewise, the sale is punished without regard to the intent and, similarly, without regard to intent, the offering or keeping for sale. When adulterated milk is found it is possible for the complaining witness to file a complaint against an offender which will apprise him

whether he is accused of adulterating with intention to sell or whether he is accused of selling, and the like, without any intent being an element of the offense. The courts in general and this court specially have sedulously followed the rule that when a man sells adulerated milk his intention is immaterial. Likewise, when he offers or keeps it for sale. But the right of a defendant to be charged clearly and to have the proof follow the charge still remains fundamental. Indeed, as the statute in such cases dispenses with a guilty intent, there is, if anything, less reason for dispensing with an equivalence between the charge and the proof. While in drawing complaints no very great particularity is required, yet some exposition there must be and the charge must be proved. In this case we need not consider the general question of the difference of averment required in informations and complaints, because the *fiscal* of the District of Ponce began this case with an information in the District Court of Ponce.

The information set up that José Martínez, on the 30th of September, in Villa Street, Ponce, of that judicial district, illegally and voluntarily offered for sale as pure, milk that was adulterated with water. The adulteration with intent to sell or offer for sale was not charged against the defendant, perhaps because, as is the presumption, Martínez did not adulterate the milk. He was not charged with selling or keeping for sale, as permitted by the wide range of the statute, but solely and exclusively of offering the adulterated milk for sale.

The evidence was that Martínez was the owner of a cart with a license to sell milk therefrom. The inspector who caused the arrest of the defendant testified that the defendant was entering Ponce on the western extension of Villa Street at 5:30 A. M., but that he had not reached the city of Ponce itself. The milk was clearly shown to be adulterated as charged. At the conclusion of the government's case

a motion for acquittal was overruled. The defendant of-
fered evidence tending to show that he bought milk from
various persons on the road intended for sale in the city of
Ponce, but that always before selling he took the milk to
his house, subjected it to an examination with a lactometer
and threw away the bad milk, and that he had no opportunity
to do so in this case.

Of course, the district court had the right to disbelieve
all the testimony of the defendant, but even so we find no
evidence of an offering for sale as charged. There was no
offer for sale although there may have been an intent to
offer the milk for sale. Perhaps if the charge had been that
defendant was keeping the milk for sale the evidence would
have tended to bear out the information, but even in that
case the defendant would have been entitled to the pre-
sumption of innocence. When a man is found on the road
with newly purchased milk and he has taken no step which
shows that he was going to sell it, we doubt seriously whether
a *prima facie* case of keeping for sale has been shown.
There is clearly no offer to sell and in the absence of an
offer to sell on the road there could be no such offer until
he reached Ponce.

The government cites the case of *People* v. *Pérez*, 23 P.
R. R. 815, to support the conviction. That case is different
in its facts. In that case the milk was shown to be in a
stall which had been open all day, and we decided that there
was a presumption that when a person had a stall he
was offering the milk contained therein. That it was only
a presumption and could be rebutted was shown by the ci-
tation of the case of *People* v. *Andino*, 21 P. R. R. 211, where
the presumption was overcome, inasmuch as the milk was
seized immediately on its arrival at the stall and before the
defendant had had a chance to examine it. Furthermore,
the information in the *Pérez Case* charged that defendant
kept and offered the milk for sale.

A man who is on a suburban road carrying milk on a cart, although licensed, cannot be convicted of offering milk for sale without proof of some step looking towards a sale. If Martínez were shown to have made a single sale from his cart before the milk was seized, the case would fall within the principle of *People* v. *Pérez,* but in that case there was an accustomed spot of offering milk to the public kept open practically the whole day of the seizure.

The judgment must be reversed and the prisoner discharged.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.